J. H. LICHTENSTEIN & CO. v. UNITED STATES.

JOHN ZIMMERMANN CO. v. SAME.

(Circuit Court, S. D. New York. November 9, 1909.)

Nos. 4,852, 4,853.

1. CUSTOMS DUTIES (§ 82*)—PROTEST—ESSENTIALS.

While alternative grounds of dissatisfaction may properly be stated in protests against decisions by collectors of customs, this rule does not permit the enumeration of a long list of paragraphs, many of which are entirely remote, with the purpose of covering everything. Under the provision in Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 (U. S. Comp. St. Supp. 1909, p. 820), that protests shall set forth "distinctly and specifically" the importers' grounds of objections, it is not enough that the provision ultimately relied upon can be found somewhere in the protest.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 198; Dec. Dig. § 82.*]

2. CUSTOMS DUTIES (§ 82*)—MULTIFARIOUS PROTESTS—"DISTINCTLY AND SPECIFICALLY."

Protests each covering 24 separate provisions of the tariff, which carry about 50 different rates of duty, are invalid, as not setting forth the im-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

porters' objections "distinctly and specifically," within the intent of Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 (U. S. Comp. St. Supp. 1909, p. 820).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 82.*

For other definitions, see Words and Phrases, vol. 3, pp. 2131, 2132; vol. 7, p. 6599.]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below is reported as G. A. 6,534 (T. D. 27,885), and overruled the importers' protests against the assessment of duty by the collector of customs at the port of New York.

Brown & Gerry (Allan R. Brown, of counsel), for importers.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Martin T. Baldwin, of counsel), for the United States.

MARTIN, District Judge.    The Board of Appraisers held that the protests in these cases were not in compliance with section 14 of the customs administrative act of 1890 (Act June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. Supp. 1909, p. 820]).    The protests each cover 24 separate provisions of the tariff, and those provisions carry about 50 different rates of duty.    The provision finally urged before the Board was included in the protests.    The real question presented in these cases arises under the holding of the courts that protests on alternative grounds are proper and that there may be a judicial determination of doubtful enumerations or apparently conflicting paragraphs.

It should be borne in mind that these protests constitute the pleading upon which the cause comes before the court.    The line of cases above referred to should not be construed by the pleader that he is at liberty in his allegations to enumerate a long list of paragraphs, many of which are entirely remote, with the one purpose of covering everything.    I know of no hard and fast rule that can well be adopted to apply to cases like this; but in my opinion it would be bad law and decidedly unwise for the court to hold that if the provision ultimately relied upon by the importer can be found somewhere in the protest it is sufficient.    That is not what was intended by the use of the words "setting forth therein distinctly and specifically * * * the reasons for his objections," in said section 14 of the customs administrative act.    General provisions in the same paragraph, not applicable, should be also eliminated from the pleading.    While the court should not scrutinize it as a plea, yet it should insist that the spirit of the law be followed, otherwise it would foster a want of mental application to an analytical problem—a haphazard classification of a large number of paragraphs, many of which are entirely remote.

I think the Board was right in its view of these protests, and therefore its decision is affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes